IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TAMMY PARSHALL and spouse RONALD PARSHALL | ) ) ) |
| Plaintiffs, | ) Case No.: ) |
| vs. | ) (*Removed from the Washington County* ) *Circuit Court, Case No. 41981*) |
| EVAN CARTER and SONJA SPROWL, | ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Evan Carter and Sonja Sprowl, by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice of the removal of this action from the Circuit Court of Washington, County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northeastern Division. In addition to removing this matter, Defendants specifically reserve the right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for this removal, Defendants state as follows:

### I. INTRODUCTION

1. Plaintiffs Tammy Parshall and Ronald Parshall commenced this action against Defendants by filing a Complaint with the Circuit Court of Washington County, Tennessee on January 6, 2023.

2. Plaintiffs served a Summons and a copy of the Complaint on Defendant Sonja Sprowl on January 23, 2023.

3. Plaintiffs served a Summons and copy of the Complaint on Defendant Evan Carter on February 2, 2023.

4. Accordingly, the Notice of Removal is timely filed within thirty (30) days of all Defendants' receipt of the Complaint, which is the first pleading from which Defendants could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b).

5. The United States District Court for the Eastern District of Tennessee, Northeastern Division, is the Court and Division embracing the place where this action is pending in state court.

6. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all pleadings in Defendants' possession that have been filed in the state court pertaining to the matter as of this date, including the Summons and Complaint, are attached hereto collectively as **Exhibit 1.**

7. As set forth more fully below, this case is properly removable and Defendants invoke this Court's jurisdiction because complete diversity exists among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## II.  DIVERSITY JURISDICTION

8. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)  **Generally**. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship.**
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b).

9. This action is properly removable under 28 U.S.C. § 1441 (a) and (b) because the United States District Court for the Eastern District of Tennessee, Northeastern Division, has original jurisdiction over this case under 28 U.S.C. § 1332(a), which provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between –
>
> (1) citizens of different States . . .

28 U.S.C. § 1332(a).

10. Plaintiffs are citizens and residents of the State of Tennessee. *See* Complaint at ¶ 1.

11. Defendant Sonja Sprowl is a citizen and resident of the State of Indiana. *See* Complaint at ¶ 3.

12. Defendant Evan Carter is a citizen and resident of the State of Indiana. *See* Declaration of Evan Carter, attached hereto as **Exhibit 2**.

13. Thus, the diversity of citizenship requirement is met in this case.

### III. AMOUNT IN CONTROVERSY

14. The amount in controversy in this action exceeds $75,000 exclusive of interests and costs.

15. Plaintiff filed this action for negligence and negligence *per se* against Defendants alleging that Defendant Evan Carter negligently operated his motor vehicle at the time of the accident at issue and that such negligence has been imputed to Defendant Sonja Sprowl, as the owner of the car Mr. Carter was driving at the time of the accident. *See* Complaint at ¶ ¶ 10-15.

16. In the "WHEREFORE" clause immediately following Paragraph 15 of Plaintiff's Complaint, Plaintiff Tammy Parshall requests one hundred thousand dollars ($100,000) in compensatory damages. *Id.* at ¶ 3 of the Wherefore Clause.

17. In the "WHEREFORE" clause immediately following Paragraph 15 of Plaintiff's Complaint, Plaintiff Ronald Parshall requests twenty five thousand dollars ($25,000) in compensatory damages. *Id.* at ¶ 4 of the Wherefore Clause.

18. The Supreme Court of the United States and Sixth Circuit courts have consistently recognized that 28 U.S.C. § 1367(a) permits the exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy the minimum amount-in-controversy requirement, as long as other elements of diversity jurisdiction are present, the claims are part of the same Article III case or controversy, and at least one named plaintiff satisfies the amount-in-controversy requirement. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 566–67 (2005) ("It follows from this conclusion that the threshold requirement of § 1367(a) is satisfied in cases, like those now before us, where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy."); *Fireman's Fund Insurance Company v. St. Paul Fire & Marine Insurance Company*, 182 F.Supp.3d 793, 815 (M.D. Tenn. 2016) ("The Supreme Court has held unequivocally that § 1367(a) permits the exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy the minimum amount-in-controversy requirement, as long as other elements of diversity jurisdiction are present and at least one named plaintiff satisfies the amount-in-controversy requirement."); *Taylor v. State Farm Fire & Cas. Co.*, 2009 WL 580469, at *1 (E.D. Tenn. 2009) ("If all other elements of diversity jurisdiction are satisfied, as long as one plaintiff meets the amount in controversy requirement, the Court may assert supplemental jurisdiction over the other claims.").

19. Plaintiff Tammy Parshall has satisfied the amount in controversy requirement, there is complete diversity of citizenship between the parties, and Mr. Parshall's claims arise from the

same case or controversy as Mrs. Parshall's claims. Thus, the Court has supplemental jurisdiction over Plaintiff Ronald Parshall's claims.

20. As shown above, Mrs. Parshall has exceeded the jurisdictional amount specified in 28 U.S.C. § 1332(a) and it is proper for the Court to exercise jurisdiction over Mr. Parshall's claims. Accordingly, the amount in controversy requirement has been satisfied.

## IV. JURISDICTIONAL REQUIREMENTS

21. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

22. None of the Defendants have previously removed this action and have therefore sought no similar relief.

23. The United States District Court for the Eastern District of Tennessee, Northeastern Division, is the appropriate court and division embracing the place where this action in pending in state court, the Circuit Court of Washington County, Tennessee.

24. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same with the Clerk of the Circuit Court of Washington County, Tennessee, as well as a Notice of Filing Notice of Removal. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiffs.

25. Defendants reserve the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

## V. ADOPTION AND RESERVATION OF DEFENSES

26. Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims

and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE**, Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Washington County, Tennessee, to the United States District Court, Eastern District of Tennessee, Northeastern Division.

Respectfully submitted,

*/s/ Briana M. Montminy*
Briana M. Montminy (BPR #34622)
Kate A. Hamilton (BPR #39331)
BURR & FORMAN LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
Facsimile: (615) 724-3290
*Attorneys for Defendants Evan Carter and Sonja Sprowl*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document via e-mail on this 22nd day of February, 2023 on the following:

George Todd East
121 West Market Street
Kingsport, TN 37660
Tel: (423) 246-3278
*Attorney for Plaintiffs Tammy Parshall and Ronald Parshall*

*/s/Briana M. Montminy*
Briana M. Montminy